# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEANNE B. Bryant, solely in her capacity as court-appointed Independent Fiduciary for RETIREMENT SECURITY PLAN AND TRUST,<br><br>Plaintiff,<br><br>v.<br><br>COLONIAL SURETY COMPANY, a Pennsylvania Corporation,<br><br>Defendant. | Case No. 1:13-cv-00298-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court are: (1) Plaintiff's Motion to Compel (Dkt. 46); and (2) Defendant's Motion for Protective Order (Dkt. 47). For the reasons set forth below, the Court will order Defendant Colonial Surety Company to produce evidence of other bad-faith claims made against it since January 2005 involving similar ERISA Fidelity Bonds.

## BACKGROUND

On July 11, 2013, the Retirement Security Plan and Trust ("the Trust") filed a complaint against Colonial Surety Company, alleging that Colonial breached its Fidelity Bond policy by failing to pay a claim based on Mathew Hutcheson's malfeasance. The

Trust further alleges that Colonial breached the policy in bad faith. It intends to add a claim for punitive damages.

A discovery dispute arose between the parties, and in accordance with the Court's Case Management Order, the parties participated in an informal meet and confer with the Court's staff in an attempt to resolve the dispute. The parties were able to resolve most issues. However, the parties continue to dispute whether the Trust is entitled to discovery of other bad-faith claims made against Colonial. The Trust maintains that evidence of other bad-faith claims made against Colonial is relevant to its impending motion to add a claim for punitive damages. Specifically, the Trust has requested the following information and documents from Colonial relating to other bad-faith claims:

> **Interrogatory No. 12:** Please state and describe each instance in which any person or entity has alleged claims or filed a lawsuit against the Defendant alleging either in whole or in part any breach of a duty of good faith and fair dealing, or alleging any tortious claim of bad faith, in the handling of any first-party insurance claim, from January 2005 to the present. Please include, in your identification of each such instance, the complete name of each plaintiff or claimant, the complete name of each defendant, the jurisdiction in which the action was filed (in the instances where such an action was actually filed), the court docket number or other identifying designation, and the ultimate disposition of the lawsuit.
>
> **Request for Production No. 17:** Please produce the claims files relating to every fiduciary insurance policy claim the Defendant caused to be denied during the period starting January 1, 2010, to the present.
>
> **Request for Production No. 18:** Please produce copies of each and every complaint made against the Defendant for the period of January 1, 2005, to the present concerning the manner in which any claim has been handled. This should include complaints made to the Pennsylvania Department of Insurance.

Additionally, on November 21, 2014, the Trust noticed a Rule 30(b)(6) deposition of Colonial. Among the categories of testimony requested in the 30(b)(6) notice was a request for testimony about other fiduciary bond policy claims made against Colonial since January 1, 2005, and the outcome of those claims. Colonial objected to this topic, as well as other topics related to a punitive damage award. After providing notice to the Trust, Colonial did not appear at the noticed deposition.

The Trust now moves to compel the requested information and documents related to other bad-faith claims made against Colonial since 2005. It argues, first, that Colonial waived its objection to producing this information because it failed to appear for the 30(b)(6) deposition. Alternatively, the Trust argues that "[e]vidence of Colonial's treatment of other bad faith claims, and/or the facts which lead to such claims, will tend to show Colonial's bad state of mind in dealing with [the Trust]," which the Trust must show to make its claim for a punitive damages award. *Pl's Opening Br.* at 2, Dkt. 46-1. Colonial has filed a cross-motion for protective order.

## LEGAL STANDARD

The Court may order the "discovery of any matter relevant to the subject matter involved in the action." Fed .R.Civ.P. 26(b)(1). Relevant evidence is any evidence tending to make the existence of any consequential fact "more probable or less probable than it would be without the evidence." Federal Rule of Evidence 401. Although viewed in light of Rule 401, "the question of relevancy is to be more loosely construed at the discovery stage than at the trial...." See 8 Wright, Miller, and Marcus, Federal Practice &

Procedure, § 2008 at p. 125 (2010). That the evidence might be inadmissible does not preclude discovery so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R. Civ.P. 26(b)(1). However, whether the Court orders information discoverable is subject to the balancing test of Rule 26(b)(2)(C), which requires courts to weigh the probative value of proposed discovery against its potential burden.

## ANALYSIS

**1. Colonial Did Not Waive Its Objections.**

The Court refuses to find that Colonial waived its objections to the requested information relating to other bad-faith claims. This Court's Case Management Order requires the parties to first conduct an informal mediation with Court staff before filing a motion for protective order. The Court will not punish Colonial for doing exactly what the Court required.

**2. The Trust Is Entitled to Discovery of Other Similar, Bad-Faith Claims Made Against Colonial.**

Conduct justifying punitive damages requires "an intersection of two factors: a bad act and a bad state of mind." *See Linscott v. Rainier Nat. Life. Ins. Co.*, 606 P.2d 958, 962 (1980). The defendant must (1) act in a manner that was an extreme deviation from reasonable standards of conduct with an understanding of-or disregard for-its likely consequences, and must (2) act with an extremely harmful state of mind, described variously as with malice, oppression, fraud, gross negligence, wantonness, deliberately, or willfully. *See Myers v. Workmen's Auto Ins. Co.*, 95 P.3d 977, 983 (2004). For

plaintiffs to be entitled to amend their complaint to add a claim for punitive damages, they need to show "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." *See* Idaho Code § 6–1604(2).

In addition to these general concerns, the courts in Idaho have laid out five specific factors that play a determinative role in deciding whether there is sufficient evidence to support a punitive damages award: (1) the presence of expert testimony; (2) whether the unreasonable conduct actually caused harm to the plaintiff; (3) whether there is a special relationship between the parties, as in the ... insured-insurer relationship; (4) proof of a continuing course of oppressive conduct; and (5) proof of the actor's knowledge of the likely consequences of the conduct. *Cuddy Mountain Concrete Inc. v. Citadel Const., Inc.*, 824 P.2d 151, 160–61 (Idaho Ct.App. 1992).

With these guidelines in mind, the Court concludes that Byrant is entitled to discovery of other bad-faith claims that have been filed against Colonial *under similar circumstances*. Evidence of other similar bad-faith claims could be used to show Colonial's alleged "bad state of mind." More specifically, such evidence could be used to show Colonial's "knowledge of the likely consequences of the conduct," as well as its alleged malice, oppression, fraud, gross negligence, wantonness, deliberateness, or willfulness. An insurer that has handled similar claims in the past which ended in bad-faith litigation would be more likely to have knowledge of the likely consequences of its conduct. Likewise, evidence that an insurer had acted with similar bad faith in the past would tend to show its deliberateness or willfulness in handling the Trust's claim here.

The Court will therefore grant the Trust's motion to compel, but it will limit the scope of the Trust's request to other bad-faith claims made against Colonial involving the same type of policy at issue here: ERISA Fidelity Bonds.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Compel (Dkt. 46) is GRANTED in part and DENIED in part in accordance with this decision; and

2. Defendant's Motion for Protective Order (Dkt. 47) is GRANTED in part and DENIED in part.

3. Defendant shall produce the requested information related to other bad-faith claims made against it since January 2005 involving similar ERISA Fidelity Bonds.

DATED: February 17, 2015

B. Lynn Winmill
Chief Judge
United States District Court